Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319557
taylor.markey@eeoc.gov
Lorena Garcia-Bautista, SBN 234091
lorena.garcia@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> MARISCOS EL PUERTO, INC., LA CATRINA, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT—TITLE VII** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female), and to provide appropriate relief to the Charging Parties and other aggrieved individuals who were adversely affected by such practices. As set forth in detail in this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendants Mariscos El Puerto, Inc. and La Catrina, LLC (collectively, "Defendants") violated Title VII by subjecting the Charging Parties and similarly aggrieved individuals to sex discrimination, including harassment based on sex (female) resulting in a hostile work environment, and by constructively discharging and/or retaliating against them for opposing unlawful employment practices and engaging in protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3.      Plaintiff is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Mariscos El Puerto, Inc. ("Mariscos")

was and is a Nevada corporation continuously doing business in the State of Nevada, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Mariscos has continuously been an employer engaging in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

6. Defendant Mariscos owns and operates a restaurant that is located in Las Vegas, Nevada.

7. At all relevant times, Defendant La Catrina, LLC ("La Catrina") was and is a limited liability corporation continuously doing business in the State of Nevada, and has continuously had at least 15 employees.

8. At all relevant times, Defendant La Catrina has continuously been an employer engaging in an industry affecting commerce under Section 701(b), (c), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (c), (g), and (h).

9. Defendant La Catrina owns and operates a bar that is located in Las Vegas, Nevada.

10. Since at least 2019, Mariscos and La Catrina have been collectively operating as a single employer and/or integrated enterprise in Nevada. Defendants have common management and ownership, centralized control of labor operations, and interrelation of operations.

11. The business relationship between Mariscos and La Catrina is highly interrelated. Both Mariscos and La Catrina are owned and managed by the same individuals.

12. Employees work interchangeably for both Mariscos and La Catrina.

13. Mariscos and La Catrina also share equipment and the same human resource/administrative assistant.

14. Mariscos and La Catrina are located at the same physical location, right next door to one another.

15. Mariscos' handbook applies to both Mariscos and La Catrina.

16.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

17.     Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF THE CLAIMS

18.     More than thirty days prior to the institution of this lawsuit, the Charging Parties filed charges of discrimination with the Commission alleging violations of Title VII by Defendants.

19.     Defendants received copies of each charge filed by the Charging Parties and participated in the Commission's investigation, including by communicating with Commission enforcement staff and responding to requests from the Commission for a position statement, information, and documents.

20.     On or about July 7, 2022, the Commission issued to Defendant Mariscos Letters of Determination finding reasonable cause to believe that

Defendant Mariscos violated Title VII. The Commission further invited Defendant Mariscos to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

21.     On or about March 8, 2023, the Commission issued to Defendant La Catrina Letters of Determination finding reasonable cause to believe that Defendant La Catrina violated Title VII. The Commission further invited Defendant La Catrina to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

22.     The Commission engaged in conciliation communications with Defendants. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

23.     On or about April 24, 2023, the Commission issued to Defendants Notices of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

24.     All conditions precedent to the institution of this lawsuit have been fulfilled.

25.     Charging Party 1, a female employee, worked for Defendants from approximately 2015 to 2019. She worked for Defendants until 2019, when she was forced to resign from employment.

26.     Charging Party 2, a female employee, began working for Defendants in 2019. She worked for Defendants for approximately six (6) months, when she was forced to resign from employment.

27.     Charging Party 3, a female employee, worked for Defendants from approximately 2015 to 2019.

28.     Charging Party 4, a female employee, worked for Defendants from approximately 2017 to 2019.

29.     Charging Party 5, a female employee, worked for Defendants from approximately 2016 to 2020.

30.     Since at least 2015, Defendants have engaged in unlawful employment practices, including a pattern or practice of such unlawful employment practices, in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a), by subjecting the Charging Parties and a class of similarly aggrieved individuals to ongoing, unwelcome, severe or pervasive sexual harassment, and creating and maintaining an offensive, abusive, intimidating and hostile work environment because of sex (female). Defendants' Owners/Managers/Supervisors, including, but not limited to, Hector Moreno, Danny Hernandez, Julian Hernandez, and Manuela Hernandez, acted as Defendants' alter ego or proxies when they discriminated and/or harassed the Charging Parties and a class of similarly aggrieved individuals. For example:

    a.  During their employment, the Charging Parties and a class of similarly aggrieved individuals were subjected to frequent, ongoing, inappropriate, unwelcome, and offensive conduct of a sexual nature by Defendant's Owners/Managers/Supervisors and co-workers. Such conduct included but was not limited to, sexual assaults, coerced sexual acts, sexual solicitations, inappropriate touching of the buttocks and breasts, and/or frequent explicit sexual comments.

    b.  Defendants' Owners/Managers/Supervisors constantly violated the Charging Parties' and a class of similarly aggrieved individuals' personal space by being very close to them, rubbing against them with their private parts, touching or groping them, showing their erect penises to them, and

simultaneously making sexually suggestive comments and advances to them.

c. Defendants' Owners/Managers/Supervisors, mentioned above, also engaged in *quid pro quo* sexual harassment toward the Charging Parties and a class of similarly aggrieved individuals resulting in tangible employment actions. For instance, an Owner/Manager/Supervisor terminated Charging Party 3 because she refused to have sex with him. Owners/Managers/Supervisors also reduced employees' work hours, removed workers from the schedule, threatened violence (including murder), termination and blacklisting, reassigned shifts, withheld paychecks, refused time off requests, and increased verbal abuse, insults, and humiliation when the Charging Parties and similarly aggrieved individuals told them to stop their sexually inappropriate behavior.

d. Defendants' non-supervisory workers and customers also harassed the Charging Parties and a class of similarly aggrieved individuals by forcibly kissing them, touching them, and making inappropriate comments to the female workers.

31. Defendants failed to take any corrective action or preventative measures to stop the harassment.

32. Defendants knew or should have known of the hostile work environment. The sexually charged and inappropriate actions and comments by the male Owners/Managers/Supervisors were ubiquitous, open, frequent, and consistent in nature.

33. Charging Parties and other similarly aggrieved employees complained verbally to supervisors and management about the harassment and hostile work environment they endured.

34.    Despite having actual and constructive notice of the harassment herein, Defendants failed and refused to take prompt and appropriate action to stop the harassment and the resulting hostile work environment.

35.    Defendants did not properly handle the complaints made by the Charging Parties and similarly aggrieved employees. Defendants failed to monitor the workplace, failed to properly investigate and to respond to complaints, discouraged additional complaints from being made, and failed to implement necessary remedial measures to end the harassment.

36.    As a result of Defendants' failures to take prompt and effective remedial measures, the sexual harassment continued unabated. The harassment was unwelcome, and sufficiently severe or pervasive to alter the terms and conditions of the Charging Parties and others' employment and created a hostile work environment.

37.    Defendants' unlawful practices also included subjecting the Charging Parties and similarly aggrieved individuals to retaliation for complaining about the harassment and engaging in protected activity. For example:

    a.    Defendants' Owners/Managers/Supervisors retaliated against the Charging Parties and other aggrieved employees who spoke out by cutting their hours, reassigning their shifts, refusing time off requests, threatening them with physical violence, threatening termination and blacklisting, and ultimately terminating them.

    b.    Due to this ongoing retaliatory harassment and intimidation, the sexually hostile work environment, and the failures by Defendants to take remedial measures, Charging Parties 1 and 2 were constructively discharged.

38.    The effect of the practices complained of above has been to deprive the Charging Parties and other aggrieved employees of equal employment

opportunities and otherwise adversely affect their working conditions because of their sex.

39.     The unlawful employment practices complained of above were intentional.

40.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and similarly aggrieved employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices in violation of Sections 703(a) and 704(a) of Title VII.

B.     Order Defendants to institute and carry out policies, practices, and programs to ensure that it would not engage in further unlawful practices in violation of Sections 703(a) and 704(a) of Title VII.

C.     Order Defendants to make the Charging Parties and the Claimants whole by providing compensation for past and future non-pecuniary losses, pursuant to Title VII, resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

D.     Order Defendants to pay the Charging Parties and the Claimants punitive damages, pursuant to Title VII, for its malicious or reckless conduct as described above, in amounts to be determined at trial.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

F.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:  August 24, 2023                    Respectfully Submitted

                                                          GWENDOLYN YOUNG REAMS,
                                                          Acting General Counsel

                                                          CHRISTOPHER LAGE,
                                                          Deputy General Counsel

                                                          U.S. EQUAL EMPLOYMENT
                                                          OPPORTUNITY COMMISSION
                                                          131 "M" Street, N.E.
                                                          Washington, D.C. 20507

                            By:  _____
                                                          ANNA Y. PARK,
                                                          Regional Attorney
                                                          Los Angeles District Office