# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　Plaintiff(s),<br><br>v.<br><br>MARISCOS EL PUERTO, INC., et al.,<br><br>　　Defendant(s). | Case No. 2:23-cv-01309-JCM-NJK<br><br>**Order**<br><br>[Docket No. 27] |

Pending before the Court is the parties' proposed discovery plan. Docket No. 27. The presumptively reasonable discovery period is 180 days. Local Rule 26-1(b)(1). The parties seek to double the discovery period predicated on the bare statement that the case involves sex discrimination claims with five charging parties, identified class members, and unidentified class members. Docket No. 27 at 2-3. The discovery plan does not explain why those circumstances warrant extra time for discovery.[1] Accordingly, the discovery plan is **DENIED** without prejudice.

A renewed proposed discovery plan must be filed by March 14, 2024. The renewed proposed discovery plan must either seek the presumptively reasonable deadlines established in the local rules or provide meaningfully developed argument why different deadlines should be set.

IT IS SO ORDERED.

Dated: March 7, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] The discovery plan also references that a motion to dismiss is pending, *id.* at 3, but the case law is well settled that the pendency of a motion to dismiss does not serve to delay the parties' discovery obligations, *e.g.*, *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D.Nev.2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").

1