UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff(s),<br><br>v.<br><br>MARISCOS EL PUERTO, INC., et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-01309-JCM-NJK<br><br>**Order**<br><br>[Docket No. 34] |

Pending before the Court is a stipulation to extend the initial expert deadline and restructure the discovery process, such that initial expert disclosures take place after the close of discovery. Docket No. 34.[1]

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings

---

[1] The stipulation violates Local Rule IA 6-2, which requires that the judicial signature block "must not begin on a separate page."

1

may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).[2]

The instant stipulation is predicated on the fact that there are some discovery disputes and Defendants have not produced documents. Docket No. 34 at 2. Without more explanation, such reasoning does not show that the current deadlines could not have been met through the exercise of diligence throughout the discovery period. The Rule 26(f) conference took place more than three months ago. *See* Docket No. 27 at 2; *see also* Fed. R. Civ. P. 26(d)(1) (generally speaking, discovery may not be propounded until the Rule 26(f) conference). Since that time, it appears that no depositions have been taken, Defendant has propounded no discovery, and Plaintiff has propounded a single set of written discovery. *See* Docket No. 34 at 2; *see also* Local Rule 26-3(a) (requests for extension must specify the discovery completed). One side propounding one set of written discovery over a three-plus month period would not seem to be indicative of diligence. The stipulation fails to explain how the Court can find diligence in these circumstances.

The stipulation is also strange for a number of reasons, including that it seeks to extend the initial expert disclosure deadline while not seeking to extend the rebuttal expert disclosure deadline.[3] The stipulation also does not seek relief from the dispositive motion deadline, such that initial expert disclosures would be due at the same time that dispositive motions are presumably filed. If the parties are seeking to extend other case management deadlines, then they need to make that clear in their filing. *See, e.g.*, Local Rule 26-3(d).

Accordingly, the stipulation to extend the initial expert disclosure deadline is **DENIED** without prejudice. Any renewed request must include the specific dates on which discovery was propounded and on which discovery responses were served. Any renewed request must also

---

[2] Moreover, although the Ninth Circuit has taken a more lenient approach to extensions in other contexts, it has been emphatic in the need and ability of district courts to enforce case management deadlines. *See Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2021) (collecting cases); *see also Williams*, 627 F. Supp. 3d at 1177 n.3 (declining to apply case law outside the Rule 16 context to request to extend case management deadlines).

[3] No explanation is provided as to why the structure of the discovery process should be altered, such that expert discovery takes place after the close of fact discovery.

provide more fulsome discussion as to how diligence exists based on the circumstances presented. Lastly, any renewed request must strictly comply with the local rules, including Local Rule 26-3.

IT IS SO ORDERED.

Dated: June 21, 2024

_____
Nancy J. Koppe
United States Magistrate Judge