UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMISSION, | Case No.2:23-CV-1309  JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| MARISCOS EL PUERTO, INC., LA CATRINA, LLC, | |
| Defendant(s). | |

Presently before the court is defendants' Mariscos El Puerto, Inc. and La Catrina LLC's motion to dismiss.  (ECF No. 20).  Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a response (ECF No. 21), to which the defendants replied (ECF No. 22).  For the reasons stated below, the court denies the defendants' motion to dismiss.

**I.    Background**

The EEOC brings the present action against defendants on behalf of five "Charging Parties."  (ECF No. 1).  In 2019, the Charging Parties sued defendants in a prior action for various employment-related claims, including retaliation under the Federal Labor Standards Act ("FLSA").  (ECF No. 20, Ex. 2 at 14).  In 2022, the parties settled, and the court dismissed the case.  (ECF No. 20).

While the prior action was being litigated, the Charging Parties pursued a parallel administrative claim with the EEOC for claims arising from sexual harassment.  (ECF No. 21).  The EEOC filed the present action in 2023, alleging that defendants violated Title VII of the Civil Rights Act of 1964, including by retaliating against the Charging Parties. (ECF No. 1).  Defendants now move to dismiss the EEOC's complaint under collateral estoppel.  (ECF No. 20).

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Claims barred by issue preclusion are subject to dismissal. *New Hampshire v. Maine*, 532 U.S. 742, 748-49. "The doctrine of issue preclusion prevents relitigation of all issues that were actually litigated and necessarily decided in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir.1988). Such a determination warrants dismissal with prejudice. *Semtek v. Lockheed Martin*, 531 U.S. 497, 505, (2001).

Issue preclusion applies when four conditions are met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019).

## III.    Discussion

Defendants argue that the EEOC's claims are precluded because the Charging Parties negotiated a settlement in the prior action based on claims that included the same harassment and retaliation allegations. (ECF No. 20). The EEOC argues that issue preclusion does not apply because the issues underlying the Title VII harassment allegations were not litigated in the prior action. (ECF No. 21).

"[A]n issue is actually litigated when an issue is raised, contested, and submitted for determination." *Janjua*, 933 F.3d at 1066. The FLSA and Title VII's anti-retaliation provisions are distinct and will be interpreted and applied separately. *Arias v. Raimondo*, 860 F.3d 1185, 1192 (9th Cir. 2017) (finding Title VII and the FLSA's anti-retaliation provisions "stand on distinctive grounds").

. . .

1  Title VII protects employees from discrimination based on a protected class, whereas the FLSA safeguards employees from unfair employment practices, such as wage violations. *See Mooney v. Martin Cty.*, 2022 U.S. Dist. LEXIS 223422, at *10-11 (S.D. Fla. Dec. 9, 2022). The anti-retaliation provisions in each statute specifically prohibit retaliation against employees who complain of violations under that respective statute. *Id.* Thus, wage-related retaliation actions are litigated under the FLSA while harassment-related actions are brought under Title VII.

  The central focus of the prior action was the Charging Parties' FLSA-related claims, which were premised on a dispute over wages. Although the prior action referenced facts related to the present harassment claim, those references were incidental and provided necessary context to the wage-related claims.

  The Charging Parties' previous retaliation claim was designated under the FLSA, and the complaint explicitly clarified that it excluded the sexual discrimination claims that were subject to parallel administrative proceedings. (ECF No. 20, Ex. 2 at 3). The settlement agreement in the prior case also included a general release, which excluded the Charging Parties' claims being pursued by the EEOC. (ECF No. 20, Ex. 4 at 13).

  There is a sufficient showing that the harassment claims are not precluded by the doctrine of collateral estoppel. The present action concerns Title VII harassment claims, which are wholly distinct from the prior action's FLSA-related claims. The present claims were not litigated and decided in the prior action. Therefore, the EEOC sufficiently states a claim for relief. Issue preclusion does not apply, and dismissal is inappropriate.

**IV. Conclusion**

  Accordingly,

  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 20) be, and the same hereby is, DENIED.

  DATED September 30, 2024.

                 _____
                 UNITED STATES DISTRICT JUDGE