UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff(s),<br><br>v.<br><br>MARISCOS EL PUERTO, INC., et al.,<br><br>         Defendant(s). | Case No. 2:23-cv-01309-JCM-NJK<br><br>**Order**<br><br>[Docket No. 38] |

Pending before the Court is the EEOC's motion to compel discovery. Docket No. 38. Defendants filed a response in opposition. Docket No. 39. Plaintiff filed a reply. Docket No. 40.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **GRANTED** in part and **DENIED** in part.

**I.   BACKGROUND**[2]

The EEOC brought this action on behalf of female employees alleging sex discrimination, including harassment resulting in a hostile work environment, as well as constructive discharge and/or retaliation for opposing unlawful employment practices and engaging in protected activity. Docket No. 1. The parties are before the Court on discovery disputes.

**II.   STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598

---

[1] Pin-citations made herein refer to the pagination provided by CMECF, as opposed to the native pagination on the documents.

[2] Because the parties are familiar with the facts and procedural history, the Court will not provide an extensive background herein.

1

(1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### III. ANALYSIS

Defendants argue as a threshold matter that the motion to be compel should be denied on the basis of an insufficient meet-and-confer. The parties also dispute the sufficiency of Defendants' objections and supplements as to one interrogatory, one request for production, and several requests for admission. The Court addresses each issue in turn below.

#### A. MEET-AND-CONFER

There is no dispute that counsel engaged in conferral efforts in advance of the motion to compel, consisting of both written and oral discussion. *See* Docket No. 38-1 at ¶¶ 5-7. Nonetheless, Defendants ask that the motion to compel be denied on the ground that additional conferral efforts were not made in response to a letter sent by the defense on July 26, 2024, and supplements served that same day. *See* Docket No. 39 at 5-7. Whether to require further conferral efforts is a matter entrusted to the Court's discretion. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). While further conferral efforts may have been prudent after July 26, 2024, "[t]here is likely no useful purpose to require further meet-and-confer efforts when the parties are clearly at an impasse and the motion to compel will simply be refiled," *id.* at 302 n.3. Accordingly, the Court will not require further conferral efforts and Defendants' argument is rejected.

#### B. INTERROGATORY NO. 9

This interrogatory seeks the names, gender, contact information, and other information for employees during the relevant period. *See* Docket No. 38-5 at 10. Defendants' response to the

2

interrogatory indicated that they were "unable to identify any complaints responsive to this request" "[a]fter a review" of their business records. *Id.* at 11.[3] Defendants' brief also indicates that they have no additional information to provide other than what was identified within the documentation provided for the request for production discussed above. *See* Docket No. 39 at 10. Defendants further insist that their response was appropriate "based on the information [they] had at the time of said response." *Id.* The Court is not persuaded.

Parties responding to interrogatories may not provide a myopic response based only on the information already before them; they must engage in a reasonable search for the requested information and must provide a detailed accounting of that search when questions arise. *See F.D.I.C. v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010); *see also United States v. All Assets Held at Bank Julius Baer & Co.*, 309 F.R.D. 1, 14 (D.D.C. 2015) (collecting cases). Information regarding the search conducted should be provided in a declaration under oath detailing the nature of the efforts to locate responsive information. *See V5 Techs. v. Switch Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019).

The EEOC is plainly entitled to relief as to this interrogatory. The interrogatory seeks basic information that the employer should have. Moreover, the record shows that Defendants themselves provided similar information (including contact information) during the administrative investigation. Docket No. 40-1 at ¶ 3; *see also* Docket No. 40-2. The veracity of Defendants' professed inability to find responsive information now is in question. Moreover and significantly, the explanation of the search for responsive information is inadequate both because it was not made in a declaration under oath and it is not sufficiently specific to understand precisely what was searched in looking for responsive information.[4]

---

[3] The response to the interrogatory raises other objections, which were not developed in Defendants' response to the pending motion. All other objections have been abandoned.

[4] With respect to the search for documents responsive to the parallel request for production, Defendants state that their counsel conducted a "review" and indicated to the EEOC that "Defendants do not keep a 'full employee list.'" Docket No. 39 at 8; *see also* Docket No. 38-10 at 3. The letter indicates that counsel "reviewed Defendant's record-keeping." Docket No. 38-10 at 3. Such statements are woefully short of explaining that a reasonable search was undertaken, but that it did not uncover such basic information such as employee names for the relevant period.

3

Accordingly, this aspect of the motion to compel will be granted.

C. REQUEST FOR PRODUCTION NO. 31

This request for production seeks documents that "constitute, reflect, or relate to [Defendants'] employee list," specifying that such document should include the name, gender, contact information, and other information regarding Defendants' employees during the relevant period. *See* Docket No. 38-11 at 14. In its motion to compel, the EEOC asks specifically that the Court order Defendants to "compile and produce an employee list." *See* Docket No. 38 at 3. The Court declines to reach the specifics of this request for production dispute for several reasons. First, it is not clear how the document the EEOC seeks would differ in any meaningful way from the interrogatory response being ordered above. Indeed, the EEOC's reply brief does not mention the request for production at all, *see* Docket No. 40, so it is not clear whether it continues to seek relief with respect to the request for production. Second, the EEOC does not explain how the Court can require the *creation* of a document for purposes of a requests for production. *See Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (collecting cases). Accordingly, the Court will deny this aspect of the motion to compel without prejudice in light of the above.

D. REQUESTS FOR ADMISSION

The parties dispute the responses to requests for admission in which Defendants dispute wording that appears noncontroversial. *See, e.g.*, Docket No. 39 at 11. For example, Defendants indicate that they do not understand what is meant by requests for admission that a certain person had "authority to hire employees," "authority to assign work hours," or "authority to determine the salary of employees." *See* Docket No. 38-7. Defendants indicate that they cannot be required to provide a straightforward admission or denial because they "provided *an explanation* for the *perceived* ambiguity" in the wording of the requests for admission. Docket No. 39 at 11-12 (emphasis added). Defendants' responses are unpersuasive and smack of gamesmanship. *See, e.g., Jones v. Zimmer*, 2014 WL 6772916, at *7 (D. Nev. Dec. 2, 2014) (collecting cases).[5] This aspect of the motion to compel is granted.

---

[5] Indeed, one might think Defendants opened themselves up to potential sanctions, *e.g., United States ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 684 (E.D. Cal. 2006), but the Court declines to reach that issue since the EEOC did not seek sanctions in the motion.

### IV. CONCLUSION

For the reasons discussed above, the EEOC's motion to compel discovery is **GRANTED** in part and **DENIED** in part. Defendants must provide proper responses to the identified interrogatory and requests for admission by October 15, 2024. Defendants are warned that failure to comply with this order may result in sanctions. *See, e.g.*, Fed. R. Civ. P. 37(b).

IT IS SO ORDERED.

Dated: October 1, 2024

_____
Nancy J. Koppe
United States Magistrate Judge