UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>     Plaintiff(s),<br>v.<br>MARISCOS EL PUERTO, INC., et al.,<br>     Defendant(s). | Case No. 2:23-cv-01309-JCM-NJK<br>**Order**<br>[Docket Nos. 49, 50] |

Pending before the Court is Defendants' motion to compel discovery. Docket No. 49. The EEOC filed a response. Docket No. 51. Defendants filed a reply. Docket No. 54. Also pending before the Court is the EEOC's motion for protective order. Docket No. 50. Defendants filed a response. Docket No. 52. The EEOC filed a reply. Docket No. 53. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion for protective order and **DENIES** the motion to compel.

**I.   BACKGROUND**[1]

The EEOC brought this action on behalf of female employees alleging sex discrimination, including harassment resulting in a hostile work environment, as well as constructive discharge and/or retaliation for opposing unlawful employment practices and engaging in protected activity. Docket No. 1.

**II.  STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). Conversely, the party seeking to avoid discovery may move for a protective

---

[1] Because the parties are familiar with the facts and procedural history, the Court will not provide an extensive background herein.

order. Fed. R. Civ. P. 26(c)(1).  The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted.  *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).  Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### III. ANALYSIS

The parties are currently before the Court on a dispute as to whether the immigration status of claimants is discoverable.  Defendants argue that the claimants themselves opened the door to such discovery by accusing Defendants of using undocumented immigration status as a tool to foster discrimination.  *See, e.g.*, Docket No. 49 at 5-6.  The EEOC argues that it does not intend to rely on immigration status at trial, that tools exist to seek relief at trial if necessary, and that the burden of allowing such discovery outweighs its usefulness.  *See, e.g.*, Docket No. 50 at 7-10.

The Ninth Circuit has affirmed issuance of a protective order in an employment action regarding discovery into the plaintiffs' immigration status.  *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004).  The Ninth Circuit explained that allowing such discovery would chill legitimate claims of undocumented workers because they could face prosecution and deportation by revealing their immigration status.  *Id.* at 1064-65.  The Ninth Circuit further explained that this chilling effect "constitutes a substantial burden, both on the plaintiffs themselves and on the public interest in enforcing" the anti-discrimination laws.  *Id.* at 1066.  The Ninth Circuit then concluded that the discovery was not relevant and that allowing it would be unduly burdensome.  *Id.* at 1074-75.  In cases in which immigration status has been found to be relevant to the claims or defenses, the inquiry shifts to whether the burden of allowing that discovery is undue, "which requires an examination of the hardships to Plaintiff and the public versus the interests Defendants put forward to justify allowing this discovery." *Guillen v. B.J.C.R. LLC*, 341 F.R.D. 61, 70 (D. Nev. 2022).

As a threshold matter, the Court assumes for purposes of this order that the claimants' immigration status falls within the broad definition of "relevance" used for discovery purposes. *See V5 Technologies*, 334 F.R.D. at 309 ("Relevance for the purposes of discovery is defined broadly").[2]  Even with the assumption of relevance, however, the discovery will not be permitted in this case because the burden of allowing the discovery far exceeds Defendants' need for it.  The Ninth Circuit has recognized that discovery into immigration status in an employment case presents a substantial burden to the plaintiff and the public interest.  *Rivera*, 364 F.3d at 1064-66.  On the other side of the ledger, the EEOC has expressly disavowed any intention of raising this issue at trial, so delving into it is of limited importance in this case.[3]  Moreover, as the EEOC points out, any trial-related relief that Defendants may contend is warranted is better sought at an appropriate juncture from the district judge.[4]

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the motion for protective order and **DENIES** the motion to compel.[5]

IT IS SO ORDERED.

Dated: December 31, 2024

Nancy J. Koppe
United States Magistrate Judge

---

[2] At first blush, the Court tends to agree with the EEOC that the claimants' immigration status is not relevant in the circumstances of this case.  Nonetheless, the Court need not formally decide whether theories advanced by the claimants themselves are relevant for purposes of an EEOC action when it is the EEOC (not the claimants) that will decide on how the claims will proceed at trial.

[3] A bare-bones desire to challenge the claimants' credibility by obtaining this testimony does not change the outcome here.  *See, e.g.*, *De La O v. Arnold-Williams*, 2006 WL 6494873, at *2 (E.D. Wash. Oct. 20, 2006) (citing *Galaviz-Amora v. Brady Farms*, 230 F.R.D. 499, 502 (W.D. Mich. 2005)).

[4] Defendants spend significant time in reply arguing that they are entitled to relief because a relevance objection is not a proper basis to instruct a deponent not to answer.  *See, e.g.*, Docket No. 54 at 5-7.  Arguments are not properly raised for the first time in reply, *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021), and this argument is not persuasive at any rate, *V5 Technologies*, 334 F.R.D. at 313-14, *aff'd*, 2020 WL 1042515, at *2 (D. Nev. Mar. 3, 2020).

[5] The Court also **DENIES** Defendants' request for sanctions. *See* Docket No. 49 at 6-7.

3